UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

ROBERT V. CASE,

                           **Appellant,**

            -v-                                                    5:09-CV-58

**UNITED STATES OF AMERICA and**
**INTERNAL REVENUE SERVICE,**

                           **Appellees.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

**IN RE: ROBERT V. CASE,**                           **Bkr. Case No. 08-32072**

                         **Debtor.**                             **Chapter 7**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Robert V. Case
Appellant, *pro se*

Bartholomew Cirenza, Esq.
United States Department of Justice
555 Fourth Street, N.W., Room 7814
Washington, D.C. 20001
Attorney for Appellees

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Robert V. Case ("appellant"), the debtor in the underlying Chapter 7 bankruptcy case, appeals from an Order of United States Bankruptcy Judge Margaret Cangilos-Ruiz granting the motion of the United States to modify the automatic stay to allow tax-related actions in district court to proceed. As set forth below, this Court denies the appeal and affirms the order.

### BACKGROUND

Appellant filed his Chapter 7 bankruptcy petition on August 11, 2008. Pursuant to 11 U.S.C. § 362(a) this filing automatically operated to stay the United States's continued prosecution of three proceedings against appellant in the Northern District of New York: a civil action to reduce unpaid internal revenue tax liabilities to judgment, *United States of America v. Robert V. Case*, No. 06-CV-570 (N.D.N.Y.); and two proceedings to enforce Internal Revenue Service summonses, *United States v. Case.*, No. 1:05-MC-76, and *United States v. Case*, No 1:05-MC-80.

On November 21, 2008, the United States moved the bankruptcy court for an order modifying the automatic stay to permit it to continue with its prosecution of these three proceedings and for related relief. On December 18, 2008, after a hearing, Judge Cangilos-Ruiz granted the motion and entered the order now on appeal.

## APPLICABLE LAW

The filing of a Chapter 7 bankruptcy petition operates to stay, *inter alia*, the commencement or continuation of actions and proceedings against the debtor. *See* 11 U.S.C. § 362(a). On motion, after notice and a hearing, the bankruptcy court may grant relief from the stay "for cause." 11 U.S.C. § 362(d)(1). The decision of whether to grant such relief is committed to the discretion of the bankruptcy judge. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286. Thus, this Court may overturn a ruling on a motion to lift the automatic stay only upon a showing of abuse of discretion. *Id*.

The *Sonnax* court listed the factors to be weighed in deciding whether to grant relief from the stay "for cause" under 11 U.S.C. § 362(d)(1) as follows.

> These are (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the

>   bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id*. The initial burden to show cause to modify the stay is on the movant; if movant meets this burden, the burden then shifts to the debtor to establish he is entitled to continued protection.

## THE BANKRUPTCY COURT ORDER

At the December 18, 2008 hearing on the government's motion to modify the stay, Judge Cangilos-Ruiz placed on the record her consideration of each of the 12 *Sonnax* factors. Judge Cangilos-Ruiz found that factors 1 and 2 did not weigh against modifying the stay, and factor 3 was inapplicable. Factor 4, she found, weighed in favor of modifying the stay. In this respect, she noted that, although there was no specialized tribunal to hear the matters currently pending in district court, allowing the matters to proceed in district court was advantageous because "one of these [district court] actions was commenced in 2006," "there's some history [in district court]," and "the sitting federal judges ... have had further exposure than this Court." Factor 5 was inapplicable and factor 6 did not weigh against modifying the stay.

Judge Cangilos-Ruiz further found that factor 7 did not weigh against modifying the stay; bankruptcy court could "shape the relief" to ensure that the litigation in district court would not prejudice the interests of other creditors. Factors 8 and 9 did not weigh against modifying the stay. Factor 10, the interests of judicial economy and the expeditious and economical resolution

of litigation, weighed in favor of modifying the stay, because the Chapter 7 trustee stated that there were no funds to pursue the matter in the context of the bankruptcy proceeding.  Judge Cangilos-Ruiz found that factor 11 weighed in favor of modifying the stay, based upon the government's lawyer's representations that the government anticipated making dispositive motions in district court within six months.  Finally, in finding that factor 12 did not weigh against modification of the stay, Judge Cangilos-Ruiz recommended that the district court cases (two of which were in Albany and one in Syracuse) could be handled together and transferred to Syracuse, which was closest to the debtor's residence.

In granting the United States' motion, Judge Cangilos-Ruiz stated that she would tailor the order modifying the automatic stay provisions to allow the district court matters to proceed while avoiding any possible harm to other creditors or interested parties.  This would be accomplished by precluding the United States from disposing of any recovered assets without obtaining leave to do so from the bankruptcy court, giving creditors and others ample notice and opportunity to be heard.  Further, the United States agreed to seek to transfer the Albany proceedings to Syracuse.  Judge Cangilos-Ruiz asked appellant if he could "stipulate" to the transfer to Syracuse, if he understood, and if he had any questions.  He responded: "No, I hear – appreciate what you're saying," and raised no objection.

In her order, issued the same day, Judge Cangilos-Ruiz held as follows:

> Based upon consideration of the aforesaid factors as discussed on the record, this court finds that cause exists to grant relief from the automatic stay, as limited herein.
>
> Relief is granted to permit USA to proceed with the District Court Actions in all respects up through the entry of judgment determining the validity and amount, if any, of outstanding prepetition taxes owed by the Debtor for the tax years in question. Subject to applicable law, the relief granted includes the

USA's right to proceed with the filing of liens as to properties in which it asserts an interest. Stay relief is without prejudice to the rights of the chapter 7 trustee and other creditors to subsequently argue as to the relative priority of any such lien(s), which issue is reserved for later determination by the bankruptcy court. Further, the enforcement or collection on any such judgment obtained remains subject to the automatic stay, and USA shall not proceed to sale or liquidation of any such properties in satisfaction of any such judgment obtained without further order of the court granting such additional relief after prior notice and a hearing.

In weighing the twelfth factor, the impact of the stay and the balance of harm to the parties, the court notes that two of the federal actions are pending in Albany and one is pending in Syracuse and that the debtor resides in Groton, which is within the Syracuse division of the bankruptcy court. At the hearing, Mr. Cirenza, who is based in Washington, D.C., stated that he intends to be substituted as counsel of record in the two pending Albany-based actions so that he can pursue together and coordinate the District Court Actions. Upon the court's inquiry, Mr. Cirenza further stated that he would be willing to request an Intra-district transfer of the pending Albany-based cases to the judge who is handling the case pending in Syracuse, which is more geographically accessible to the Debtor. The Debtor agreed on the record to join and not oppose any such requested transfer. Accordingly, in balancing the harms, the court finds it preferable in minimizing the harm to the Debtor to have all three cases proceed on a similar track in Syracuse and directs USA counsel to proceed to make a motion for a transfer of the two Albany-based cases to Syracuse. ***

The separate adversary proceeding filed by the United States against the Debtor (Adversary Proceeding No. 08-50054) which seeks to find tax obligations nondischargeable is stayed pending entry of judgment or other resolution of the District Court Actions or further order of this court.

## DISCUSSION

Appellant argues in his brief that: (1) the United States did not meet its burden to establish "cause" to modify the stay, and the bankruptcy court failed to make specific findings of fact to substantiate cause; (2) the bankruptcy court improperly granted relief to an "unsecured alleged creditor" absent extraordinary circumstances; and (3) the bankruptcy court improperly disregarded *bona fide* defenses and documentary evidence presented by the appellant. Each of

these arguments is without merit.

Regarding the first argument, it is clear from the record that Judge Cangilos-Ruiz had before her the pertinent evidence concerning the district court matters and the bankruptcy proceeding, including the Chapter 7 trustee's representation that there were no funds available to pursue the tax matters in the context of the bankruptcy proceeding.  Judge Cangilos-Ruiz conducted a thorough consideration of the *Sonnax* factors and made her findings on the record.  Her conclusion that the United States had carried its burden of establishing cause for relief from the automatic stay is fully supported by the record.  This Court notes that the ruling enhances the likelihood that potential estate assets will be realized, and is carefully tailored to protect the interests of all creditors.  The debtor has failed to show that he is entitled to continuing protection of the stay with respect to these matters, nor has he shown that Judge Cangilos-Ruiz' determination to modify the stay was unsupported or based on an error of fact or law.

As to the second argument, the United States states that it is a secured creditor, and Judge Cangilos-Ruiz refers to it as such.  The debtor cites to the general rule that unsecured creditors should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief.  *See In re Liebowitz*, 147 B.R. 341, 346 (Bankr. S.D.N.Y. 1992). This general rule stems from the principle that there should be an equality of distribution among creditors, and an unsecured claimant should not be entitled to obtain a distributive advantage over other unsecured claimants who are prevented by the stay from seeking distribution.  *Id*.  Here, the unique circumstances, including the inability of the trustee to pursue the potential estate assets, and the court's retention of control over any assets recovered, fully justify the relief from the stay.  Thus, regardless of whether or not the United States is a secured creditor, Judge Cangilos-Ruiz'

order is proper.

Finally, the debtor contends that Judge Cangilos-Ruiz disregarded defenses and evidence he presented. A reading of the transcript shows that Judge Cangilos-Ruiz treated the debtor fairly in all respects and specifically asked him for his response where appropriate. In support of this argument the debtor appears to be referring to his defenses on the merits of the government's claims; these issues are not germane to the issue of whether to modify the stay.

There is no merit to the appeal. Judge Cangilos-Ruiz' December 18, 2008 order is proper in all respects and reflects a proper exercise of discretion. The order is affirmed.

It is therefore

ORDERED that the appeal is denied, and the December 18, 2008 order is affirmed.

IT IS SO ORDERED.

September 22, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge